IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BARBARA ANDERSEN,

       Plaintiff,

v.                                        No. 1:25-cv-01309-JMR

DOUGLAS PRESTON and
UNKNOWN CORPORATE DEFENDANT,

       Defendants.

## ORDER TO CURE DEFICIENCY
## AND ORDER TO SHOW CAUSE

THIS MATTER comes before the Court on *pro se* Plaintiff's Verified Complaint for Declaratory and Injunctive Relief, Doc. 1, filed December 29, 2025 ("Complaint") and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), Doc. 2, filed December 29, 2025 ("Short Form Application").

**Order to Cure Deficiency**

Plaintiff filed a motion to proceed *in forma pauperis* using a Short Form Application. The Short Form Application does not provide sufficient information for the Court to determine whether a plaintiff is unable to pay the required fees. The Court requires plaintiffs seeking to proceed without prepaying fees to file the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Long Form Application"). The Court orders Plaintiff to file a Long Form Application within twenty-one (21) days from entry of this Order.

**Order to Show Cause**

This case arises from Plaintiff allegedly solving the Forrest Fenn "puzzle poem" and discovering the location where Forrest Fenn hid a treasure which would belong to the first person

to solve the puzzle poem.  Plaintiff alleges Defendant Preston is the "real author/ghostwriter of the poem," "Fenn designated Preston as Andersen's fiduciary under the Unknown Corporate Defendant," and "Fenn left Andersen gifts, including but not limited to, the real chest through the Unknown Corporate Defendant as part of a forthcoming real, movie ending, before his 2020 death."   Complaint at 1, 8.  Plaintiff asserts claims of breach of fiduciary duty and conversion arising from Preston "improperly withholding Andersen's gifts and assets, as well as the real chest for 5.5 years."  Complaint at 12.  Plaintiff asserts the Court has diversity jurisdiction over this action.  *See* Complaint at 7.

The Court has identified the following deficiencies in the Complaint and orders Plaintiff to show cause why the Court should not dismiss this case and to file an amended complaint.  *See Lowrey v. Sandoval Cnty. Children Youth and Families Dep't,* 2023WL4560223, at*2 (10th Cir. July 17, 2023) ("Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause.") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P.  72(a)).

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 242 F.3d 388  (10th Cir. 2000) (unpublished table decision) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir. 1988).

The Complaint does not allege sufficient facts supporting diversity jurisdiction.  Diversity jurisdiction requires that the action is between "citizens of different states."

28 U.S.C. § 1332(a)(1). Plaintiff states she is currently living in Virgina and Defendant Preston is living in New Mexico. *See* Complaint at 1 (stating she "has been waiting in Virginia for Preston since early September 2025 [and] before that, she waited in New Mexico and her home state of Illinois for approximately 5 years"), at 7 (stating Plaintiff's and Preston's current living locations); *see also* Short Form Application at 2 (stating Plaintiff "had been paying rent in New Mexico"). Residency by itself is not equivalent to citizenship. *See Lax v. APP of New Mexico ED, PLLC*, 2022 WL 2711230, at *5 (10th Cir. 2022) ("residency in a state does not equate to citizenship . . . property ownership in a state, without more, does not establish citizenship in that state") (citing *Whitelock v. Leatherman*, 460 F.2d 507, 514 n.14 (10th Cir. 1972) and *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1165-66 (11th Cir. 2006)).

> We have described the citizenship inquiry as "an all-things-considered approach" in which "any number of factors might shed light on the subject in any given case." [*Middleton v. Stephenson*, 749 F.3d 1197, 1201 (10th Cir. 2014)]. Relevant factors include
>
>> the party's current residence; voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; payment of taxes; as well as several other aspects of human life and activity.
>
> *Id.* (internal quotation marks omitted). Although a person's "place of residence is *prima facie* the domicile," *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994), something more than residence in a state is required to show the intent to remain in the state, *see Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship.'").

*Lax*, 2022 WL 2711230, at *3-4.

Furthermore, Plaintiff does not allege the citizenship of the Unknown Corporate Defendant. *See* Complaint at 7 (stating Plaintiff "is not aware of the name of the Unknown Corporate Defendant or where it was incorporated"). "When a plaintiff sues more than one

3

defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for *each* defendant or face dismissal." *United States. for Use and Benefit of General Rock & Sand Corp. v. Chuska Development Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) (quoting *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 829 (1989)); *Grice v. CVR Energy, Inc.*, 921 F.3d 966, 968 (10th Cir. 2019) ("When our jurisdiction relies solely on diversity of citizenship under 28 U.S.C. § 1332, each defendant must be diverse from each plaintiff").

It also appears that Plaintiff's claims for breach of fiduciary duty and conversion may be barred by the four-year statute of limitations. *See* N.M.S.A. § 37-1-4 (claims "founded upon accounts and unwritten contracts; those brought for injuries to property or for the conversion of personal property or for relief upon the ground of fraud, and all other actions not herein otherwise provided for and specified within four years"); *Durham v. Southwest Developers Joint Venture*, 2000-NMCA-010, ¶ 44 n.3 ("Under NMSA 1978, § 37-1-4 (1880), the statute of limitations for bringing an action for damages based upon . . . breach of fiduciary duty is four years"). Plaintiff alleges that Preston has been "improperly withholding Andersen's gifts and assets, as well as the real chest for 5.5 years." Complaint at 12. Plaintiff also filed an action against Forrest Fenn in 2020 asking the Court to order Fenn "to facilitate the transfer of the treasure chest to [Plaintiff], the sole solver of the poem/puzzle." Complaint at 6, Doc. 1, filed June 8, 2020, in *Andersen v. Fenn*, No. 1:20-cv-00553-WJ-JFR. It thus appears Plaintiff's claims for breach of fiduciary duty and conversion accrued more than four years ago. *See* N.M.S.A. § 37-1-7 ("In actions for relief, on the ground of fraud or mistake, and in actions for injuries to, or conversion of property, the cause of action shall not be deemed to have accrued until the fraud, mistake, injury or conversion complained of, shall have been discovered by the party aggrieved.").

4

The Court orders Plaintiff to show cause why the Court should not dismiss this case and to file an amended complaint within 21 days of entry of this Order.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* FED. R. CIV. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 F. App'x 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

**Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

FED. R. CIV. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* FED. R. CIV. P. 11(c).

**IT IS ORDERED** that:

(i)     Plaintiff shall, within 21 days of entry of this Order, file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).  Failure to timely file a Long Form Application, *or* failure to follow all instructions in the Long Form Application, may result in may result in denial of the motion to proceed *in forma pauperis*.

(ii)    The Clerk shall send to Plaintiff a copy of this Order and an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).

(iii)   Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss this case; and (b) file an amended complaint.  Failure to timely show cause and file an amended complaint may result in dismissal of this case.

UNITED STATES MAGISTRATE JUDGE